IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81304 |
| | ) | |
| MARLON JAMES SWIMMER and | ) | CH. 13 |
| VERONICA SWIMMER, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

      Hearing was held in Omaha, Nebraska, on March 12, 2007, on Confirmation of Debtors' First Amended Chapter 13 Plan (Fil. #34), and an Objection thereto by Wells Fargo Financial Nebraska, Inc. (Fil. #35). Bruce C. Barnhart appeared for Debtors, and Matthew E. Eck appeared for Wells Fargo Financial Nebraska, Inc. ("Wells Fargo").

      On December 16, 2003, Debtors purchased a 2003 Ford Windstar Van ("Vehicle"). Wells Fargo is the holder of a duly perfected purchase money security interest therein. Wells Fargo filed a "secured" proof of claim herein in the amount of $16,346.66. On February 20, 2007, the Chapter 13 Trustee issued her Notice Concerning Claims acknowledging the claim of Wells Fargo as filed and providing Debtors and other parties in interest 30 days to file a written objection to the allowance of the claim.[1]

      Debtors filed their first amended Chapter 13 plan on January 11, 2007. In that plan, Debtors valued the Vehicle at $6,000.00. Wells Fargo has objected to confirmation of the amended plan asserting an NADA retail value of $11,575.00 for the Vehicle. At the hearing, however, Wells Fargo asserted that it would accept a valuation of $10,075.00.

      Debtors' evidence was in the form of an affidavit of Robert W. Ryan, owner of USA Auto Appraisers (Fil. #24). Mr. Ryan examined the Vehicle on November 29, 2006, and determined that the NADA retail value as of November 2006, after adding options and deducting for high mileage, is $10,075.00. However, Mr. Ryan also deducted for "repairs needed" in the amount of $4,500.00, resulting in an as-is value of $5,575.00. The repairs figure included "body work" for $3,500.00, windshield chips of $350.00, repairs and cleaning to the interior of $350.00, and replacement of two rear tires in the amount of $300.00.

---

      [1]In this district, valuation issues are typically addressed in the claims allowance process. *See In re Stein*, 63 B.R. 140 (Bankr. D. Neb. 1985), and Nebraska Local Rule of Bankruptcy Procedure 3007-1(C). However, the time period for Debtors to object to the Chapter 13 Trustee's Notice Concerning Claims has not yet expired. Therefore, for purposes of this Order, as a result of the valuation Debtors have placed upon the Vehicle in their amended plan, it will be presumed that Debtors do object to the claim of Wells Fargo and will timely file an objection.

With the exception of the body damage, the deductions asserted by Debtors' appraiser all appear to be wear and tear items that are presumably factored into the NADA valuation. Accordingly, deductions for such items will not be allowed. With respect to the body damage, Debtors have not explained how the damage happened, when the damage happened, why the damages have not been repaired, whether there was insurance coverage for the damage, and if so, what happened to the insurance proceeds. Debtors have a contractual obligation to keep the Vehicle in good repair. This Vehicle was purchased only three years ago, and any body damage should have been repaired pursuant to the required insurance coverage. If Debtors desire to retain the Vehicle, they are not entitled to a deduction for damage that should have been repaired with insurance proceeds.

IT IS ORDERED: The objection to confirmation is sustained, Wells Fargo is entitled to a secured claim in the amount of $10,075.00, and Debtors should file an amended plan properly providing for payment to Wells Fargo in that amount, plus appropriate interest. Debtors shall have until April 9, 2007, to file an amended plan in accordance with the foregoing and in accordance with the settlement of the objection by the Chapter 13 Trustee.

DATED: March 13, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Bruce C. Barnhart
    Matthew E. Eck
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.